UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MOE SCOTT,

        Plaintiff,                                              COMPLAINT

    -against-                                                            PLAINTIFF DEMANDS
                                                                                       TRIAL BY JURY

LONG ISLAND RAILROAD COMPANY,

        Defendant.
-----------------------------------------------------------------X

        Plaintiff, by his attorney, FREDRIC M. GOLD PC, complaining of the defendant, respectfully shows to this Court and alleges:

        1. The action herein arises under the Federal Employer's Liability Act (45 U.S.C. Sec. 51 et al.).

        2. Upon information and belief and at all times herein mentioned, the defendant was a public benefit corporation organized and existing under and by virtue of the laws of the State of New York.

        3. Upon information and belief and at all times herein mentioned, the defendant had been and still is doing business in the County of New York, State of New York, within the jurisdiction of this Court.

        4. At all times herein mentioned, the defendant was and now is a common carrier by rail engaged in interstate commerce between different states in the United States.

        5. That on or about June 24, 2024 and at all times hereinafter mentioned the defendant employed the plaintiff as a Chief Station Appearance Maintainer in furtherance of its business in interstate commerce.

6. That on or about June 24, 2024 and at all times hereinafter mentioned, the defendant maintained and controlled railroad operations in and around the West Side Yard, the County of New York, in the State of New York, including the offices, tracks, rails, tunnels, switches, sidings, roadbeds, adjacent roadways and appurtenances thereto, over through and upon which the defendant operated its engines, trains and cars under its direction and control.

7. That on or about June 24, 2024 and at all times hereinafter mentioned, while the plaintiff, as an employee of the defendant, was in the performance of his duties as an Chief Station Appearance Maintainer at or near the aforesaid location, he was caused to sustain severe and disabling injuries as a result of the negligence, carelessness and recklessness of the defendant in failing to provide him with a safe place in which to work as hereinafter set forth.

8. That on or about June 24, 2024 and at all times hereinafter mentioned, while the plaintiff was transporting out of service materials from the roadway adjacent to Track One in the West Side Yard using a pushcart instead of the usual John Deere truck, he was caused to sustain severe injuries when one of the wheels of the cart hit an obstruction in the road left behind by an outside contractor and his left knee jammed when the cart came to an abrupt halt.

9. That said accident and resulting injuries to the plaintiff were caused solely by reason of the negligence, carelessness and recklessness of the defendant, its agents, servants and/or employees' in failing to exercise due care and diligence; in failing to provide plaintiff with a safe place to work and safe equipment with which to work; in failing to promulgate safety rules and procedures for activities carried out by their personnel at the aforesaid place; in failing to warn plaintiff of the existence of the dangers involved in the performance of his duties as a Chief Station Appearance Maintainer; in failing to maintain the aforementioned John Deere truck usually used to perform the required task; in failing to provide the plaintiff with a safe alternative to the John Deere

truck to perform the required task; in failing to inspect the roadway adjacent to Track 1 in the West Side Yard ;in failing to maintain the roadway adjacent to Track 1 in the West Side Yard in a safe and hazard free condition; in failing to remove obstructions and debris in the roadway adjacent to Track 1 in the West Side Yard; in failing to require outside contractors to remove obstructions and debris after performing work in the West Side Yard; in failing to enforce its own rules regarding the maintenance of equipment; in failing to enforce its own rules regarding the maintenance of its premises and more specifically the West Side Yard; in failing to observe and enforce proper and safe rules for the safe conduct of the work operation of the railroad, and the defendant was otherwise generally negligent under the circumstances.

10. That the said injuries were incurred while the plaintiff was acting in furtherance of interstate commerce, or in work substantially affecting the same.

11. That the plaintiff was damaged in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00).

WHEREFORE, plaintiff demands judgment against defendant THE LONG ISLAND RAILROAD COMPANY, in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) together with costs and disbursements.

Dated:       New York, New York
             December 6, 2024

                                FREDRIC M. GOLD, PC
                                Attorney for Plaintiff

                                _____
                                By:  Fredric M. Gold (3286)
                                450 Seventh Avenue
                                New York, New York 10123
                                212.244.2740

To:  The Long Island Railroad Company
     Legal Department
     Jamaica Station
     Jamaica, New York 11435